444 A.2d 98

Cloyd HIMES and Al's Tire Service, Allegheny Foundry Company, Cambria Slag Division of the Standard Slag Company, Emporium Trust Company, New Enterprise Stone and Lime Company, Patton Lumber and Supply, Pennsylvania Electric Company, United Survey Company, Warren Concrete Products

v.

CAMERON COUNTY CONSTRUCTION CORPORATION and Carrolltown Borough Municipal Authority.

Appeal of EMPORIUM BANK & TRUST COMPANY.

Supreme Court of Pennsylvania.

Argued March 2, 1982.

Decided April 21, 1982.

638

Judith Eichen Fellheimer, Gary P. Lightman, Fellheimer, Eichen & Goodman, Philadelphia, for appellants.

Edwin J. Strassburger, Strassburger & McKenna, Pittsburgh, for Allegheny Foundry Co.

I. Samuel Kaminsky, Johnstown, for Cambria Slag Division of the Standard Slag Co.

Gary Horner, Johnstown, for Pa. Elec. Co.

Edwin W. Tompkins, II, Emporium, for Cameron County Const.

Thomas A. Swope, Jr., Ebensburg, for Carrolltown Borough Municipal Authority.

Sanford M. Aderson, Aderson, Frank & Steiner, Daniel Krause, Pittsburgh, for Cloyd Himes, et al.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Cameron County Construction Corporation (Cameron) entered into a contract with the Carrolltown Borough Municipal Authority for the construction of sewers in the Borough of Carrolltown. The project was completed in November, 1974, but debts incurred by Cameron to appellant and appellees remain unpaid. Each of the parties seeks to satisfy its claims against Cameron from the unpaid contract balance of $43,694.50, which has been interpleaded into court by the Authority. The interpleaded fund was withheld from Cameron by the Authority pursuant to their contract, which provided that final payment "shall be conditioned . . . upon submission by the Contractor of evidence that all claims for labor, material and any other outstanding indebtedness in connection with this contract has been paid."

Appellant Emporium Bank & Trust Company, which lent money to Cameron to finance the construction project, seeks to recover from the interpleaded fund on the basis of an assignment from Cameron of "all moneys that are now, or may hereafter become due and payable to Cameron by Carrolltown Borough Municipal Authority under [the] contract." [1] Appellees are unpaid labor and materialmen employed by Cameron on the Carrolltown project. We agree with the Superior Court, 289 Pa.Super. 143, 432 A.2d 1092, that appellees alone have asserted a cognizable interest in the interpleaded fund withheld by the Authority. Hence, we affirm.

### I

Under the terms of the construction contract, Cameron furnished a bond to assure the payment of all labor and materials supplied to the project, as required by the Public

1. Appellant perfected its assignment by filing a financing statement pursuant to 13 Pa.C.S. §§ 9302 & 9401.

Works Contractors' Bond Law of 1967.[2] However, several months after completion of the construction project, the surety, Summit Insurance Company, was placed in liquidation. Summit had not paid any of Cameron's outstanding debts to subcontractors.

Appellee Cloyd Himes, a supplier on the project, initiated the present proceedings by filing a complaint in assumpsit against Cameron. He obtained a judgment on September 27, 1975, in the amount of $18,177 and immediately served the Authority with a writ of execution to satisfy his judgment from the retained contract balance. The Authority responded by filing a petition for interpleader, asking that all other claimants who had made demands on the contract retainage be added as parties. The Court of Common Pleas of Cambria County granted the petition, directing all known claimants to file a complaint with the court if they wished to have their claims adjudicated.

After hearings on the claims, at which there were no disputed issues of fact, the court of common pleas held that the interpleaded fund was to be disbursed pro rata among appellees and that appellant was not entitled to share in the distribution of the fund. In so ruling, the court rejected appellant's claim that it was entitled to the full amount of the contract balance by virtue of its assignment from Cameron of the proceeds of the Carrolltown contract.

II

■■■ The assignment from Cameron to appellant conveyed only those moneys "that are now, or may hereafter become due and payable to Cameron" under the Carrolltown contract. Thus, the language of the assignment, as well as the basic principle that an assignee can succeed to no greater rights than those of his assignor, makes it clear that appellant has a valid claim to the contract retainage as assignee

2. Act of Dec. 20, 1967, P.L. 869, § 1, 8 P.S. § 191 et seq. (Supp.1981-82).

only if the contract balance became "due and payable to Cameron."[3]

■ The trial court properly found that Cameron had no right to the retained contract balance because "the failure of the Contractor to pay the Suppliers provide[d] the Authority with the unqualified right to withhold payment of the retained funds pursuant to the contract." The Authority's right to withhold upon Cameron's breach of its obligation to pay subcontractors was expressly provided for in the contract between Cameron and Carrolltown:

"In making partial payments there shall be retained 10% of the amount of each payment until final completion and acceptance of all work covered by the contract . . . . The entire balance found to be due the Contractor including retained percentages but excepting such sums as may be lawfully retained by [Authority] shall be paid to the Contractor. Such payments shall be conditioned, however, upon submission by the Contractor of evidence that all claims for labor, material and any other outstanding indebtedness in connection with this contract has been paid."

As this Court stated in *Williard, Inc. v. Powertherm Corp.* 497 Pa. 628, 638, 444 A.2d 93, 97 (1982), "[h]aving bargained for the right to withhold final payment from the contractor until receipt of 'satisfactory evidence' that subcontractors had been paid, the owner had a right to insist, as it did, that the contract be performed according to this material term."

Appellant has not asserted a valid claim to the contract balance, and the Authority has not asserted any contractual right of set-off in the retained fund. As the contract balance was withheld because of Cameron's failure to satisfy

3. Although the parties agree that appellant has an assignment right in the "proceeds" of the contract, see 13 Pa.C.S. § 9306 ("proceeds" includes "the account arising when the right to payment is earned under a contract right"), they disagree as to whether the contract balance has become "due and payable" to Cameron so as to constitute "proceeds." Thus, contrary to appellant's contention, the threshold question of whether the contract balance had become "due and payable" to Cameron must be decided.

appellees' claims, only appellees have a cognizable interest in the fund. See *Williard, Inc. v. Powertherm Corp.*, supra. Thus, the Court of Common Pleas of Cambria County properly held that appellees have a right to share pro rata in the interpleaded fund withheld by the Authority to assure payment of their claims for labor and material supplied to the Carrolltown project. Accordingly, the order of the Superior Court affirming the order of the trial court is affirmed.

Order affirmed.