M. Diane KOKEN, Insurance Commissioner of the Commonwealth of Pennsylvania, in her capacity as Statutory Liquidator of Corporate Life Insurance Company, by her deputy, William S. TAYLOR, Jr., Office of Liquidations and Rehabilitations, Commonwealth of Pennsylvania Insurance Department, Plaintiff,

v.

BALABAN AND BALABAN, Defendant.

Commonwealth Court of Pennsylvania.

Argued Sept. 17, 1998.

Decided Nov. 19, 1998.

Andrew A. Chirls, Philadelphia, for plaintiff.

William R. Balaban, Harrisburg, for defendant.

Before FRIEDMAN and FLAHERTY, JJ., and McCLOSKEY, Senior Judge.

FRIEDMAN, Judge.

Currently before this court are two sets of preliminary objections: (1) the preliminary objections filed by Defendant Balaban and Balaban[1] (Defendant's Preliminary Objections) to the Second Amended Complaint of M. Diane Koken (Plaintiff), Insurance Commissioner of the Commonwealth, in her capacity as Statutory Liquidator for Corporate Life Insurance Company (CLIC);[2] and (2) Plaintiff's Preliminary Objections filed in response to Defendant's Preliminary Objections, seeking to have Defendant's Preliminary Objections stricken for failure to comply with various provisions of Rule 1028 of the Pennsylvania Rules of Civil Procedure (Pa. R.C.P.).[3]

Plaintiff initiated this action on September 6, 1996 by filing a Writ of Summons against Defendant. However, Plaintiff failed to proceed further, and, on December 9, 1997, this court issued a Rule to Show Cause why this action should not be dismissed for want of prosecution. We dismissed the Rule to Show Cause on January 12, 1998, after Plaintiff filed a Complaint and made a showing of good cause. Plaintiff later filed an Amended Complaint on February 17, 1998, and filed a Second Amended Complaint on March 26, 1998.

■ In its first preliminary objection, raised pursuant to Pa. R.C.P. Nos. 1028(a)(2) and (4), Defendant argues that Plaintiff has failed to plead a requisite "element" of her cause of action. In doing so, although inartfully phrased, we believe Defendant is arguing that section 526(b) of The Insurance Department Act of one thousand nine hundred and twenty-one[4] (The Insurance Department Act) contains a statute of repose.[5] Specifically, Defendant argues that section 526(b) of The Insurance Department Act statutorily limits the period within which the liquidator may file an action to two years from the date

---

1. Balaban and Balaban is a law firm; in or about October of 1991, Balaban and Balaban became general and regulatory counsel for Corporate Life Insurance Company (CLIC). (Second Amended Complaint, ¶¶ 4, 20.)

2. On February 15, 1994, this court entered an order appointing the Commonwealth's Insurance Commissioner as the Statutory Liquidator of CLIC. (Second Amended Complaint, ¶ 2; see also Maleski v. Corporate Life Insurance Co., Commonwealth Court of Pennsylvania, No. 175 M.D. 1993.)

3. Pa. R.C.P. No. 1028 provides, in pertinent part:
    (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
    (1) lack of jurisdiction over the subject matter of the action or the person of the defendant, ... or improper form or service of a writ of summons or a complaint;

    (2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;
    . . .
    (4) legal insufficiency of a pleading (demurrer). . . .

4. Act of May 17, 1921, P.L. 789, as amended, 40 P.S. §§ 1–324.13. Section 526 was added by the Act of December 14, 1977, P.L. 280, 40 P.S. § 221.26(b).

5. In contrast to statutes of limitations that limit the time in which a party may pursue a certain remedy, statutes of repose completely extinguish a plaintiff's substantive right, not just the remedy, if he or she fails to bring an action within the time limits of the statute. Sharon Steel Corporation v. Workmen's Compensation Appeal Board (Myers), 670 A.2d 1194 (Pa.Cmwlth.1996).

the liquidation order is entered. Defendant contends that, because Plaintiff failed to bring her action within this two year time period, she is now barred from doing so. Further, Defendant asserts that, because Plaintiff has not, and cannot, plead the necessary timeliness "element," her Second Amended Complaint must be dismissed.

In response, Plaintiff contends that we must strike Defendant's first preliminary objection for failure to conform to law or rule of court. Specifically, Plaintiff argues that Defendant has raised the defense of the statute of limitations, which is appropriately pled as new matter, not as a preliminary objection.

■ To resolve this dispute, we must determine whether the time period in section 526(b) is an "element" of Plaintiff's claim, in which case Defendant has raised an appropriate preliminary objection on the basis of a demurrer, or whether section 526(b) sets forth a statute of limitations, requiring Defendant to plead this defense only as new matter. Pa. R.C.P. Nos. 1028(a)(4), explanatory cmt. and 1030(a). We conclude that section 526(b) is a statute of limitations, not a statute of repose.

Section 526(b) of The Insurance Department Act provides, in pertinent part:

The liquidator may, upon or after an order for liquidation, within two years or such additional time as applicable law may permit, institute an action or proceeding on behalf of the estate of the insurer upon any cause of action against which the period of limitation fixed by applicable law has not expired at the time of the filing of the

petition upon which such order is entered. . . .

40 P.S. §221.26(b). In other words, so long as a cause of action would have been timely on the date the insurance commissioner files the petition for liquidation, the liquidator has two years, or such additional time as applicable law may permit,[6] from the date of the liquidation order to bring the cause of action or proceeding. Thus, this provision serves to toll a cause of action's applicable statute of limitations as of the filing date of the petition for liquidation, and it gives the liquidator up to two more years, or additional time if applicable law permits, from the date of the liquidation order to bring the cause of action or proceeding.[7] Accordingly, the practical effect of section 526(b) is to extend the date by which a cause of action must be filed. Such extension of time is not characteristic of a statute of repose. See Sharon Steel Corporation v. Workmen's Compensation Appeal Board (Myers), 670 A.2d 1194 (Pa.Cmwlth.), appeal denied, 544 Pa. 679, 678 A.2d 368 (1996).

In addition, we find it particularly significant that section 526(b) does not necessarily limit the time within which the liquidator must bring the cause of action to two years. In fact, section 526(b)'s incorporation of "such additional time" by reference to applicable law is not characteristic of statutes of repose, which have a definitive time limit as an "element" of the claim. See e.g., Vargo v. Koppers Company, 552 Pa. 371, 715 A.2d 423 (1998) (statute of repose in 42 Pa.C.S. § 5536 is twelve years); Sharon Steel Corporation (statute of repose in section 434 of the Penn-

---

6. We note, for example, that contract actions have a four year statute of limitations, 42 Pa.C.S. § 5525, and, thus, it is possible that a cause of action may be filed more than two years after a liquidation order is entered.

7. That this time period serves to toll and extend a cause of action's statute of limitations also is consistent with subsection (c) of section 526, 40 P.S. § 221.26(c). Subsection (c) provides that the time between the filing of a petition for liquidation and the denial of the petition shall not be considered part of the time within which any action against an insurer may be commenced, and that any action which might have been brought when the petition was filed may be instituted for at least 60 days after the denial of the petition. 40 P.S. § 221.26(c). Section 517

of The Insurance Department Act, 40 P.S. § 221.17, dealing with actions by and against the rehabilitator, contains a similar provision. See Foster v. Alexander & Alexander Services, Inc., 1995 WL 27447, No. Civ. A.91-1179, (E.D.Pa. 1995) (characterizing 40 P.S. §221.17(b) as providing a 60 day grace period for instituting an action where the statute states that the time between the filing of a petition for rehabilitation and the denial of such petition or the order for rehabilitation shall not be considered as part of the time within which an action may be commenced by or against an insurer, and that any action which might have been brought when the petition was filed may be instituted for at least 60 days after the entry of the rehabilitation order).

sylvania Workers' Compensation Act is three years).

■ Thus, it is clear that section 526(b) of The Insurance Department Act, 40 P.S. § 221.26, pertains to a statute of limitations. Because section 526(b) is a statute of limitations, Defendant could plead this defense only as new matter. Pa. R.C.P. Nos. 1028(a)(4), explanatory cmt. and 1030(a). Because Defendant pled this defense as a preliminary objection, and not as new matter, we strike Defendant's first preliminary objection for failure to conform to law or rule of court.

■ In its second preliminary objection, raised pursuant to Pa. R.C.P. No. 1028(a)(2), Defendant contends that Plaintiff's action should be dismissed due to lack of prosecution and resulting prejudice to Defendant. Defendant asserts that Plaintiff has shown a want of due diligence by filing her Complaint more than sixteen months after filing her Writ of Summons, pointing out that Plaintiff filed her Complaint only after this court issued a Rule to Show Cause why the case should not be dismissed for want of prosecution. Moreover, with regard to this court's dismissal of the Rule to Show Cause, Defendant complains that it had no opportunity to reply to Plaintiff's response to the Rule to Show Cause prior to that dismissal. In addition, Defendant argues that Plaintiff's delay in filing her Complaint caused Defendant to suffer actual and extreme prejudice.[8]

In response, Plaintiff moves to strike Defendant's second preliminary objection for failure to conform to law or rule of court, for inclusion of impertinent matter and on the grounds of a demurrer. Specifically, Plaintiff contends that Defendant is merely complaining about the procedure used to dismiss the Rule to Show Cause and that Defendant's second preliminary objection has nothing to do with the Second Amended Complaint.

We agree with Plaintiff that Defendant's arguments do not fall within the scope of a preliminary objection under Pa. R.C.P. No. 1028(a)(2), which deals with the failure of a pleading to conform to law or rule of court or the inclusion of scandalous or impertinent matter. Indeed, Defendant never addresses how the Second Amended Complaint is out of conformity with any law or rule of court or what matter is scandalous or impertinent. In fact, we agree with Plaintiff that Defendant's second preliminary objection is itself impertinent; it has nothing to do with the contents of the Second Amended Complaint but, rather, is merely an effort to have this court reconsider our order dismissing the Rule to Show Cause. Because this challenge is improper here, we strike Defendant's second preliminary objection.

■ In its third preliminary objection, raised pursuant to Pa. R.C.P. No. 1028(a)(1), Defendant asserts that this court lacks jurisdiction over the person of William R. Balaban, the individual, because William R. Balaban was not named as a defendant in the Writ of Summons and was not served as an individual with the Writ of Summons.[9] Defendant contends that, while Plaintiff's Writ of Summons did not name William R. Balaban, individual, as a defendant, paragraph four of Plaintiff's Second Amended Complaint purports to add William R. Balaban, individual, as a defendant by alleging that Balaban and Balaban is a sole proprietorship,[10] thereby making William R. Balaban responsible for Balaban and Balaban's acts and omissions. Defendant argues that paragraph four of the Second Amended Complaint is an attempt to circumvent the prohibition against adding new parties by amendment following the expiration of the statute of limitations. *See Anderson Equipment Co. v. Huchber,* 456 Pa.Super. 535, 690 A.2d 1239 (Pa.Super.1997) (prohibiting a

---

**8.** Defendant also asserts that Plaintiff drafted a complaint, which she was prepared to file nearly two years before she filed the actual complaint, and that the filed Complaint differed from the draft complaint that she previously showed Defendant, thereby creating a misimpression of the form of action Plaintiff was contemplating pursuing.

**9.** Defendant points out that William R. Balaban received the summons only in his capacity as a representative of the firm Balaban and Balaban, the named defendant.

**10.** We note that paragraph four of the Second Amended Complaint asserts that Balaban and Balaban is "a Pennsylvania partnership or a sole proprietorship."

plaintiff from adding a new defendant after the applicable statute of limitations has expired).

Plaintiff moves to strike this preliminary objection on the same grounds used to challenge the prior preliminary objection. We agree that Defendant's third preliminary objection must also be stricken.

Defendant cites no authority in support of its third preliminary objection which challenges Plaintiff's alleged addition of William R. Balaban, the individual, as a party, and our research revealed no such supporting authority.[11] Moreover, our review of the Second Amended Complaint and the docket entries reveals that the Second Amended Complaint does not purport to name William R. Balaban, the individual, as a party. Because William R. Balaban is not a party, he did not need to be served individually, *Cf.* Pa. R.C.P. No. 402 (discussing manner of service); Pa. R.C.P. No. 423 (discussing service upon a partnership), and thus, Defendant's third preliminary objection is without merit.

Finally, in Defendant's fourth preliminary objection, raised pursuant to Pa. R.C.P. No. 1028(a)(2), Defendant objects to the Second Amended Complaint as constituting impertinent matter due to the defects in the Writ of Summons and the Second Amended Complaint, including those errors alleged in Defendant's third preliminary objection. On the other hand, Plaintiff asserts that Defendant's fourth preliminary objection is based on impertinent matter and states no basis for relief.

Here, Defendant asserts only that the Second Amended Complaint constitutes impertinent matter without stating the facts supporting such an assertion. Moreover, Defendant's supporting memorandum of law is of no assistance to us because Defendant failed to argue this preliminary objection in its memorandum. It is not the job of this court to scrutinize the Second Amended Complaint and speculate about what Defendant feels is impertinent. Moreover, given that Defendant's fourth preliminary objection

merely states that there were defects in the Writ of Summons and the Second Amended Complaint, "including as stated in the preceding preliminary objection," (Defendant's Preliminary Objections, ¶ 43), Defendant's final preliminary objection also must be stricken as meritless.

### ORDER

AND NOW, this 19th day of November, 1998, Defendant's Preliminary Objections to the Second Amended Complaint are hereby OVERRULED, and Plaintiff's Preliminary Objections to Defendant's Preliminary Objections to the Second Amended Complaint are hereby GRANTED. Defendant's Preliminary Objections to the Second Amended Complaint are stricken.

---

**11.** While Defendant, citing *Anderson Equipment,* properly states that a plaintiff may not add a new defendant after the applicable statute of limitations has expired, this case does not support Defendant's position that Plaintiff, through her factual allegations in the Second Amended Complaint, has added William R. Balaban as a defendant.