**COLONIAL ASSURANCE COMPANY et al.**

v.

**THE MERCANTILE AND GENERAL REINSURANCE COMPANY LTD. et al.**

No. Civ.A. 03–1818.

United States District Court, E.D. Pennsylvania.

Dec. 10, 2003.

Stuart Cotton, Mound Cotton Wellman & Greengrass, New York, NY, Lauren E. Debruicker, Duane Morris LLP, Philadelphia, PA, Edward M. Dunham, Jr., Duane Morris LLP, Philadelphia, PA, Renee Plessner, Obermayer Rebmann, Maxwell & Hippel, LLP, Philadelphia, PA, Leonard A. Sheft, Mound Cotton Wollan & Greengrass, New York, NY, for Mercantile and General Reinsurance Co., Ltd.

Matthew D'Annunzio Blank Rome LLP, Philadelphia, PA, for Swiss Reinsurance America Corp.

William P. Marshall, Law Office of William P. Marshall, North Wales, PA, for Colonial Assur. Co.

## MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

In February of 2003, plaintiffs Colonial Assurance Company ("Colonial") and Louis Mazzella, filed a three count complaint against defendants Mercantile and General Reinsurance Company, Ltd. ("M & G") and Swiss Reinsurance America Corporation ("SRA")[1] in the Court of Common Pleas of Philadelphia County. Plaintiffs alleged breach of contract, tortious interference with contract, and unjust enrichment. On March 26, 2003, defendant M & G removed the action to federal court on the basis of diversity jurisdiction.[2] On May 7, 2003, M & G moved to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that the plaintiffs' complaint is time-barred on its face. Upon review of the parties' submissions and the relevant law, I conclude that the plaintiffs' claims are time-barred.

Accordingly, I will grant M & G's motion to dismiss.

## SUMMARY OF FACTS

The complaint alleges that plaintiff Colonial is a small insurance company that provided residual guarantee insurance. (Compl.¶ 29.) The residual guarantee business guarantees a prospective purchaser of capital equipment that the equipment will have a stated value at a future time. (Id.¶ 13) Defendant M & G is a reinsurance company. (Id.¶ 3.) Colonial and M & G entered into a written reinsur-

---

1. In November of 1996, SRA purchased M & G. (Compl. § 10.)

2. There is no issue as to the applicable law. M & G cites Pennsylvania law and the plaintiffs' principal argument as to the tolling of the statute of limitations relies on Pennsylvania law.

ance agreement[3] obligating M & G to reinsure the residual guarantee line of business ("Reinsurance Agreement").[4] (Id.¶ 26.) In this capacity, M & G accepted premiums and issued residual guarantee reinsurance to three entities insured by Colonial ("insureds"). (Id.¶ 14, 15.) Many of the policies issued by M & G to the insureds reinsured their property at 100% and had a "cut-through" provision through which the insureds could collect directly from M & G and avoid collecting from Colonial altogether. (Id.¶ 16.)

At some time not mentioned in the complaint, M & G refused to honor the cut-through provision or to pay the claims submitted by the insureds. (Id.¶ 17–18.) It was not until M & G filed a lawsuit seeking declaration of the contract as void that M & G explained the basis for its refusal to pay the claims to the insureds. (Id.¶ 20.) The complaint further alleges:

> ¶ 36. When other insureds submitted claims under the residual line of business, M & G refused to honor its contractual obligation or stand behind Colonial.

> ¶ 37. The Pennsylvania Insurance Department treated the claims of the insureds as 100% liabilities of Colonial in light of M & G's refusal to honor its contractual obligation and stand behind Colonial.

> ¶ 38. According to the Pennsylvania Insurance Department, the claims of these insured rendered Colonial insolvent.

(Id.¶ 36–38.)[5]

Upon petition of the Pennsylvania Insurance Department ("Department"), the Commonwealth Court of Pennsylvania declared Colonial insolvent on March 28, 1984. (Id.¶ 5.) The Department has acted as a fiduciary of Colonial in gathering its assets and adjusting its debts while in liquidation. (Id.¶ 7.) At present, the liquidation of Colonial has not been completed by the Department, nor has a final Order of Distribution been entered by the Commonwealth Court. (Id.¶ 6.) On or about March 29, 2002, the Department assigned Colonial's claim under the reinsurance agreement to recover against M & G to plaintiff Mazzella. (Id.¶ 8.)

Sometime in 1982, M & G filed an action against Colonial, among others, in the Supreme Court of New York, County of New York seeking rescission and declaratory judgment that the reinsurance obligations it had to Colonial and the insureds under the reinsurance agreement were void. On September 22, 1982, Colonial was served with a summons and M & G's complaint.[6]

---

3. The complaint is not clear as to when this occurred. The complaint alleges that M & G's agent issued a cover note signed in March of 1982 by an underwriter of M & G and officially stamped, "wherein M & G reinsured a line of business of various insureds of Colonial known as the guarantee business." (Compl.¶ 12.)

4. According to Black's Law Dictionary 1287 (6th ed.1990), "reinsurance" is:

 A contract by which an insurer procures a third party to insure him against loss or liability by reason of original insurance. A contract that one insurer makes with another to protect the latter from a risk already assumed. It binds the reinsurer to pay to the reinsured the whole loss sustained in respect of the subject of the insurance to the extent to which he is reinsured. Also the substitution, with the consent of the insured, of a second insurer for the first, so that the original insurer is released.

5. The proximity of these paragraphs in the complaint suggests that plaintiffs intended to convey the chronology of events that occurred prior to the Department of Insurance's petition for liquidation of Colonial.

6. Attached to this order is a copy of the sworn affidavit of service of summons and complaint dated September 23, 1982.

In the instant action, plaintiffs claim: (1) M & G breached the written agreement obliging M & G to reinsure the residual guarantee line of business at 100%; (2) M & G tortiously interfered with Colonial's performance of the contract with the insureds, and (3) M & G was unjustly enriched by keeping the premiums it received from Colonial while disclaiming coverage on its reinsurance obligations.

## DISMISSAL STANDARD

Defendants move to dismiss pursuant to FRCP 12(b)(6) on the basis that all of the plaintiffs' claims are time-barred under the applicable statute of limitations. In reviewing a motion to dismiss under FRCP 12(b)(6), a court is bound to accept the well-pleaded factual allegations in the complaint as true. *Albright v. Oliver*, 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). Third Circuit law allows a statute of limitations defense to be raised by motion under FRCP 12(b)(6) if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Hanna v. United States Veterans Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir.1975). However, defendants bear a heavy burden in attempting to establish as a matter of law that the challenged claims are time-barred because the applicability of statutes of limitations generally involve factual questions as to when the plaintiff discovered or should have discovered that it had a cause of action. *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 425 (3d Cir.1999) (*citing Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 498 (3d Cir.1985)). It has even been stated that "[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir.1978).

▪ Nevertheless, a district court may consider more than the allegations in the complaint when adjudicating a 12(b)(6) motion. The defendant may supplement the allegations in the complaint with exhibits such as public records and "other indisputably authentic documents" on which the plaintiff's claim is based. *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir.2003). In *Southern Cross*, a case involving a 12(b)(6) motion based on statute of limitations, the Third Circuit held that it is proper to judicially notice the existence of a published opinion to resolve a 12(b)(6) motion. 181 F.3d at 426. Therefore, if plaintiffs fail to allege any specific dates as to when the actions giving rise to the claim accrued, a court may consider other indisputably authentic documents.

## DISCUSSION

*Statute of Limitations Applicable to the Statutory Liquidator*

M & G contends that each of plaintiffs' claims are time-barred because the statute of limitations on each claim has expired. Plaintiffs respond that statutes of limitations do not bar actions brought by the Commonwealth unless specifically provided for by statute. From this, plaintiffs conclude that their complaint would not be time-barred because the Insurance Commissioner, in its role as liquidator, is acting as an arm of the Commonwealth and is therefore not barred by the statute of limitations.

▪ Plaintiffs are correct that actions brought by the Commonwealth are not subject to statutes of limitations unless provided for by statute. *Commonwealth v. J.W. Bishop & Co.*, 497 Pa. 58, 439 A.2d 101, 101 (1981). In the case of a liqui-

dation, however, there is a statute that so provides. The statute states:

> The [commissioner] liquidator may, upon or after an order for liquidation, within two years or such additional time as applicable law may permit, institute an action or proceeding on behalf of the estate of the insurer upon any cause of action against which the period of limitation fixed by applicable law has not expired at the time of the filing of the petition upon which such order is entered.

40 Pa. Stat. Ann. § 221.26(b) (2003).

▆ The court in *Koken v. Balaban & Balaban* held that § 221.26(b) is a statute of limitations. 720 A.2d 823, 825 (Pa. Cmwlth.1998). Therefore, the Pennsylvania Insurance Commissioner, when acting as a liquidator, is subject to a statute of limitations. *Balaban & Balaban* indicates that § 221.26(b) tolls the applicable statute of limitations as of the filing date of the petition for liquidation and grants the liquidator two more years, or such additional time as applicable law permits, to bring the cause of action. 720 A.2d 823, 825 (Pa.Cmwlth.1998).

In the instant case, the Insurance Commissioner was appointed as liquidator of Colonial in 1984. Therefore, the liquidator has two additional years from that time tacked on to any unexpired statute of limitations to file an action for any claim.[7]

▆ An assignee succeeds to no greater rights than those of the assignor. *Himes v. Cameron County Construction Corp.*, 497 Pa. 637, 444 A.2d 98, 100 (1982). Plaintiffs as assignees acquire only those rights and take subject to the statute of limitations and any other defenses possessed by the liquidator at the time of assignment. Therefore when the liquidator assigned Colonial's claim under the reinsurance agreement to recover against M & G to plaintiff Mazzella in 2002, Mazzella became subject to the statute of limitations applicable to the liquidator. Because the liquidator is subject to a statute of limitations of two years plus any unexpired statutory period, Mazzella was subject to the statutory period already in effect at the time of the filing of the petition for liquidation, plus two years. The question remains as to when the statutory period begins to run.

### Breach of Contract

▆ The statute of limitations for a breach of contract begins to run at the time the action accrues.[8] *McCarthy v. Scottsdale Ins. Co.*, 1999 WL 672642, at *1 (E.D.Pa. Aug. 16, 1999), 1999 U.S. Dist.

---

7. There is a possible alternate reading of *Balaban & Balaban* that the liquidator can bring suit within the greater of either two years from the date of the liquidation order or the unexpired statutory period. The causes of action in the instant complaint accrued so long ago that adopting this alternate reading of *Balaban & Balaban* would not change the disposition of the case.

8. Plaintiffs do not allege that the contract at issue is a "continuing contract." Nevertheless, *Thorpe v. Schoenbrun* provides two ways to treat a continuing contract. 202 Pa.Super. 375, 195 A.2d 870, 872 (1963). The statute of limitations on a "continuing contract which is entire" runs "from the time when the breach occurs or when the contract is in some way terminated." *Id.* However, "[i]f the services are rendered under an agreement which does not fix any certain time for payment or for the termination of services," the "statute of limitations does not begin to run until the termination of the contractual relationship between the parties." *Id.* In the instant case, the breach and the termination of the contractual relationship occurred at the same time–the day M & G initiated an action to rescind the contract and declare it void. Thus, the statute of limitations would have started at the same time, regardless of how the contract is classified under *Thorpe*.

LEXIS 12899, at *5. Under Pennsylvania law, a cause of action in contract accrues at the time of breach.[9] *Id.* A breach of contract is a "non-performance of any contractual duty of immediate performance." *Camenisch v. Allen*, 158 Pa.Super. 174, 44 A.2d 309, 310 (1945) (adopting Restatement definition). An attempted rescission qualifies as a breach because a rescission "necessarily involves a repudiation of the contract and a refusal of the moving party to be further bound by it." Black's Law Dictionary 1306 (6th ed.1990). *See also Bertram v. Beneficial Consumer Disc. Co.*, 286 F.Supp.2d 453, 459 n. 7 (M.D.Pa.2003) (an attempted rescission qualifies as a breach because a rescission "discharge[s] all remaining duties of performance and terminate[s] the contract.") (citing Black's Law Dictionary 1308 (7th ed.1999)). The cause of action thus accrued in 1982 when M & G initiated its action to rescind the contract.

Under Pennsylvania law, the statute of limitations for breach of contract is four years. 42 Pa.C.S.A. § 5525. Therefore, the outermost limit of the statute of limitations applicable to the liquidator for a breach of contract action is six years ---- four years plus two years from the time of the order of liquidation. This period expired in the late 1980s. By the time the instant case was filed in 2003, the time within which to file this action had long expired.

*Tortious Interference with Contract*

 Plaintiffs claim that M & G "tortuously [sic] interfered with Colonial's performance of the contract with the insured." (Compl.¶ 42.) As with breach of contract, the statute of limitations for tortious interference with contract begins to run when the cause of action accrues. *CGB Occupational Therapy, Inc. v. RHA/Pennsylvania Nursing Homes*, 2001 WL 1549824, at *3 (E.D.Pa. Dec. 5, 2001), 2001 U.S. Dist. LEXIS 20217, at *13. A cause of action for tortious interference with contract accrues upon discovery of the allegedly interfering acts or when the allegedly interfering acts should have been discovered with reasonable diligence. *Bickell v. Stein*, 291 Pa.Super. 145, 435 A.2d 610, 612 (1981). The complaint does not explicitly state what the interfering act was, but presumably the act was M & G's "complete and entire refusal to honor its contractual obligation [to pay the claims] or stand behind Colonial." (Compl.¶ 42.) The cause of action thus would have accrued when Colonial discovered or should have discovered that M & G refused to pay the claims submitted by the insureds. The complaint alleges that the Department believed that the claims submitted by the insureds to Colonial were the cause of Colonial's insolvency. (Compl.¶ 19.) At the least, Colonial discovered the allegedly interfering acts at the time the Department petitioned the Pennsylvania Commonwealth Court for the liquidation of Colonial. In the alternative, Colonial discovered M & G's refusal to pay the claims of the insured when it was served in September of 1982 with M & G's complaint seeking rescission. The cause of action thus accrued some time in the 1980s –either at the time the petition for liquidation was filed or when Colonial was served with M & G's complaint.

Under Pennsylvania law, the statute of limitations for interference with a contractual relationship is two years. *See* 42 Pa. C.S.A. § 5524(3). *See also Windward*

---

9. Neither party has invoked the "discovery rule," an exception to the requirement that a complaint must be filed within the statutory period. Pennsylvania courts apply the discovery rule "in only the most limited of circumstances," if at all, *Dalrymple v. Brown*, 549 Pa. 217, 701 A.2d 164, 171 (1997).

*Agency, Inc. v. Cologne Life Reinsurance Co.,* 1996 U.S. Dist. LEXIS 9794, at *6 (E.D.Pa.1996); *Torchia v. Keystone Foods Corp.,* 431 Pa.Super. 83, 635 A.2d 1082, 1086 (1993). The outermost limit of the statute of limitations applicable to the liquidator for a tortious interference with contract is four years --- two years plus two years from the time of the order of liquidation. This period expired in the late 1980s. The time within which to file this action had expired well before the complaint was filed in 2003.

*Unjust Enrichment*

■■■■ Plaintiffs claim that "M & G is unjustly enriched as a result of its disclaimer of coverage and keeping of the premium [sic] relating to the residual guarantee line of business with the insured." (Compl.¶ 55.) Like the other claims, the statute of limitations begins to run on a claim for quantum meruit from the time the cause of action accrues. *Cole v. Lawrence,* 701 A.2d 987, 989 (Pa.Super.1997). A cause of action for quantum meruit accrues as of the date the relationship between the parties is terminated. *Id.* An attempted rescission qualifies as a "termination of the relationship between the parties because a rescission is "indisputably" a[ ] method of terminating a contract." *Metro. Prop. & Liab. Ins. Co. v. Commonwealth,* 97 Pa.Cmwlth. 219, 509 A.2d 1346, 1349 (1986). Thus, the cause of action accrued in 1982 when M & G terminated its relationship with Colonial by

seeking rescission, as also explained prior in the breach of contract section.

■■■■ Under Pennsylvania law, the statute of limitations for an unjust enrichment action is four years.[10] *Cole,* 701 A.2d at 989. Thus, the outermost limit of the statute of limitations applicable to the liquidator for a claim of unjust enrichment is six years–four years plus two years from the order of liquidation. This period expired in the late 1980s. Because the instant complaint was filed more than six years after M & G's attempted rescission of the contract, the applicable statute of limitations had expired.

CONCLUSION

Because all the causes of action alleged in the complaint were brought after the applicable statutes of limitations expired, plaintiffs fail to state a claim upon which relief can be granted. Under F.R.C.P. 12(b)(6), plaintiffs' claims must be dismissed.

*ORDER*

**AND NOW,** this 11th day of December 2003, upon consideration of the motion of defendant Mercantile and General Reinsurance Company, Ltd. (docket # 5) to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and the plaintiffs' opposition to that motion (docket # 12), it is ORDERED that defendant's Motion to Dismiss the Complaint is GRANTED and plaintiffs' complaint is dismissed with prejudice.

---

**10.** *Cole* explains that 42 Pa.Cons.Stat. § 5525(4) provides a four year statute of limitations for an action upon a contract implied in law and that an action based on unjust enrichment constitutes an action based on a contract implied in law. 701 A.2d at 989.

# ATTACHMENTS

9/13/82

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------x

THE MERCANTILE & GENERAL REINSURANCE COMPANY plc, :

 Plaintiff, :

 - against - :

COLONIAL ASSURANCE COMPANY, UNION INTERNATIONAL :
INSURANCE COMPANY, LTD., SPANNO CORPORATION, and
ISLAND HELICOPTER CORPORATION, :

 Defendants. :

------------------------------------------------------x

**AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT**

STATE OF NEW YORK )
 ) ss:
COUNTY OF NEW YORK )

 WENDY A. MILLER being duly sworn, deposes and says:

 That deponent is not a party to this action, is over the age of 18 years and resides at Nassau, New York.

 That on the 22nd day of September, 1982 deponent served the within Summons and Complaint upon: Colonial Assurance Co. ("Colonial") a corporation, by serving a true copy thereof upon Herbert Smith and Co., attorneys, One Citicorp Center, Suite 3103, 153 East 53rd Street, New York, New York, agents authorized by appointment to accept service on behalf of Colonial by delivery thereof at the above address personally to Gloria Rapino, the person in charge of the office of said attorneys.

 Deponent describes the individual served as follows: Female, white, brown hair, between 21 and 35 years old, approximately 5'4", approximately 135 lbs.

Sworn to before me this
23rd day of Sept. , 1982.

_Wendy A. Miller_

_Rodanthi Kucharski_

RODANTHI KUCHARSKI
Notary Public, State of New York
No. 24-4711680
Qualified in Kings County
Commission Expires March 30, 1984

C 104—Summons without Notice, Blank Com
Personal or Substituted Service.

COPYRIGHT 1954 BY JULIUS BLUMBERG, INC., LAW BLANK PUBLISHERS
80 E INGE PLACE AT BROADWAY, NEW YORK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THE MERCANTILE & GENERAL REINSURANCE CO. plc,

 Plaintiff

 against

COLONIAL ASSURANCE COMPANY, UNION INTERNATIONAL
INSURANCE COMPANY, LTD., SPANNO CORPORATION,
and ISLAND HELICOPTER CORPORATION,

 Defendant

Index No.

Plaintiff designates
New York
County as the place of trial

The basis of the venue is
residence of defendant Union
International Insurance
Company, Ltd.

Summons

Plaintiff resides at

County of

To the above named Defendant

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, New York, New York
 September 20, 1982

REIN, MOUND & COTTON
Attorney(s) for Plaintiff

Office and Post Office Address
125 Maiden Lane
New York, New York 10025