Richard A. COLE, M.D., Appellant,

v.

Linda LAWRENCE.

Superior Court of Pennsylvania.

Argued June 26, 1997.

Filed Sept. 12, 1997.

Reargument Denied Nov. 18, 1997.

Richard A. Cole, M.D., Newburyport, ME, appellant, Pro Se.

Laurie C. TeWinkle, Erie, for appellee.

Before TAMILIA, KELLY and BROSKY, JJ.

BROSKY, Judge.

This is a *pro se* appeal from the final order of the trial court which granted appellee's motion for judgment on the pleadings. The sole issue presented for our review is whether partial payment on a debt owed pursuant to a contract for the provision of medical services tolls the statute of limitations. We affirm.

Before addressing the merits of appellant's claim, we will briefly recount the pertinent facts of this case. Appellee, Linda Lawrence, was a patient of appellant, Richard Cole, M.D., for several years. Appellee was last treated by appellant on March 23, 1991. Appellant thereafter submitted bills for the services previously rendered to appellee and her health insurer. Appellee's last payment on the debt was made on November 26, 1991. However, appellee's insurer made an additional payment on June 5, 1992.

According to appellant, appellee has refused to pay the remaining balance for these services despite appellant's demands therefor. As a result, appellant filed a complaint with the district justice on April 30, 1996. The district justice entered judgment in favor of appellant in the sum of $4,997.93. Appellee timely appealed to the trial court.

Appellant, still proceeding *pro se*, filed a written complaint. Appellee filed an answer and new matter in which she asserted that appellant's causes of action were barred by the statute of limitations. Appellant filed a responsive pleading in which he contended that the actions were timely by virtue of the payment made by appellee's insurer. Appellee thereafter filed a motion for judgment on the pleadings which was granted by the trial court. Appellant timely appealed.

In reviewing an order granting a motion for judgment on the pleadings, we apply the following principles:

Entry of judgment on the pleadings is permitted under Pa.R.C.P.[, Rule] 1034[, 42 Pa.C.S.A.] which provides for such judgment after the pleadings are closed, but within such time as not to delay trial. A motion for judgment on the pleadings is similar to a demurrer. It may be entered where there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents. The scope of review on an appeal from the grant of judgment on the pleadings is plenary. We must determine if the action of the court below was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury.

*Vetter v. Fun Footwear Co.*, 447 Pa.Super. 84, 87, 668 A.2d 529, 530–531 (1995) (*en banc*), *allocatur denied*, 544 Pa. 658, 676 A.2d 1199 (1996) (citation omitted).

■ Appellant's complaint sought to impose liability on three distinct theories: breach of an express oral agreement; breach of an implied contract, *i.e., quantum meruit;* and the quasi-contractual theory of unjust enrichment. Actions founded upon an express contract that is not in writing are subject to a four year statute of limitations. 42 Pa.C.S.A. § 5525(3). The statute of limitations for a *quantum meruit* action is also four years. *Id.,* § 5525(4); *Kenis v. Perini Corp.,* 452 Pa.Super. 634, 642, 682 A.2d 845, 849 (1996). Appellant's quasi-contract/unjust enrichment action is likewise subject to a four year limitations period, as it constitutes a contract implied in law. *See Salvino Steel & Iron Works, Inc. v. Fletcher & Sons, Inc.,* 398 Pa.Super. 86, 92, 580 A.2d 853, 856 (1990), *appeal dismissed as having been improvidently granted,* 529 Pa. 62, 601 A.2d 806 (1992) (a quasi-contract, or contract implied in law, imposes a duty, not as a result of any agreement, but in spite of the absence of an agreement where one party receives unjust enrichment at the expense of another); 42 Pa.C.S.A. § 5525(4) (specifying a four year statute of limitations for an action upon a contract implied in law). Consequently, a four year limitations period applies to each of appellant's causes of action.

■ As observed by this court, the statute of limitations begins to run on a claim from the time the cause of action accrues. *Packer Society Hill Travel Agency, Inc. v. Presbyterian University of Pennsylvania Medical Center,* 430 Pa.Super. 625, 631, 635 A.2d 649, 652 (1993). In general, an action based on contract accrues at the time of breach. *Id.* Where the contract is a continuing one, the statute of limitations runs from the time when the breach occurs or when the contract is in some way terminated. *Thorpe v. Schoenbrun,* 202 Pa.Super. 375, 378, 195 A.2d 870, 872 (1963). In comparison, quantum meruit actions begin to accrue as of the date on which the relationship between the parties is terminated. *See Kenis v. Perini Corp., supra* (attorney's quantum meruit action against former client accrue as of the date of the attorney's termination of representation); *Thorpe v. Schoenbrun,* 202 Pa.Super. at 381, 195 A.2d at 874 (there is *no* essential difference between the claim of an attorney and the claim of a doctor). Consequently, appellant's causes of action accrued either when appellee breached the express or implied agreement to pay or when the parties severed their relationship.

The pleadings and exhibits appended thereto reflect that the relationship between appellant and appellee was effectively terminated as of March 23, 1991, as appellee received no further services after this date. *See* Appellant's Complaint, Exhibit A (ledger depicting the services rendered, the charges for these services and credits for payments received for the period running from June 7, 1990 through June 5, 1992). Appellee's last payment for these services was made on November 26, 1991. *See id.* If we were to assume that the causes of action accrued when the parties' relationship terminated in March of 1991, appellant's claims are clearly barred by the statute of limitations because they were not initiated until April 30, 1996, more than four years later. We would reach the same conclusion even if we were to assume that the causes of action did not accrue until appellee breached the agreement by failing to make further payments.

Appellant does not dispute this assessment. He instead asserts that the partial payment made by appellee's insurer in June of 1992 tolled the statute of limitations. Appellant thus seeks to impute the insurer's actions to appellee.

■ In order to toll the statute of limitations, a payment must be made or authorized by the debtor. *Dick v. Daylight Garage, Inc.,* 335 Pa. 224, 227, 6 A.2d 823, 824 (1939). As applied here, there is nothing in the certified record which demonstrates that the insurer was authorized by appellee to make partial payments on the debt on appellee's behalf. Even if such authority is presumed to exist, appellant would not be entitled to any relief.

Appellant suggests that the insurer's partial payment constituted an acknowledgment of the debt so as to toll the statute of limitations. *See* Appellant's Brief at 9–11. This court addressed the effect of the "acknowledgement doctrine" in relation to the statute of limitations and stated:

A clear, distinct and unequivocal acknowledgement of a debt as an existing obligation, such as is consistent with a promise to pay, is sufficient to toll the statute [of limitations]. There must, however, be no uncertainty either in the acknowledgement or in the identification of the debt; and the acknowledgement must be plainly referable to the very debt upon which the action is based; and also must be consistent with a promise to pay on demand and not accompanied by other expressions indicating a mere willingness to pay at a future time. A simple declaration of an intention to discharge an obligation is not the equivalent of a promise to pay, but is more in the nature of a desire to do so, from which there is no implication of a promise.

*Huntingdon Finance Corp. v. Newtown Artesian Water Co.*, 442 Pa.Super. 406, 410, 659 A.2d 1052, 1054 (1995) (citations omitted).

 This court has recognized that there can be no more clear and unequivocal acknowledgement of a debt than payment. *Huntingdon, supra.* However, review of appellant's pleadings and the exhibits thereto only discloses appellant's receipt of a partial payment from the insurer which he applied towards appellee's account. In order for a partial payment to toll the statute of limitations, the payment must constitute a constructive acknowledgement of the debt from which a promise to pay the balance may be inferred. *Id.*, 442 Pa.Super. at 410–411, 659 A.2d at 1054. Statements which are equivocal concerning a promise to pay or which do not clearly identify the debt do not toll the statute of limitations. *Gurenlian v. Gurenlian*, 407 Pa.Super. 102, 115, 595 A.2d 145, 151 (1991).

Aside from the copy of appellant's ledger evidencing his receipt of the payment, there is nothing in the certified record relating to the insurer's payment. Absent such evidence, it would be speculative to infer that the partial payment represented an acknowledgement of the full amount of the existing debt. Rather, the payment can only be construed as an acknowledgement by the insurer that it was obligated, pursuant to its own contracts with appellant and appellee, to pay a portion of the debt. Under these circumstances, we decline to construe the insurer's partial payment as a clear and unequivocal acknowledgement by appellee of the entire antecedent debt. Because the insurer's payment did not constitute an acknowledgement of the existing debt, it does not toll the statute of limitations. Accordingly, the trial court did not err in dismissing appellant's complaint, as his causes of action are all barred by the statute of limitations. Finding no error, we affirm the trial court's order.[1]

Order affirmed.

---

1. Appellee has requested that an award of counsel fees and damages pursuant to Pa.R.A.P., Rule 2744, 42 Pa.C.S.A. We disagree with appellee's conclusion that the appeal is frivolous. We therefore deny her request for counsel fees and damages.