J-S58018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WILLIAM MILLER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MARION L. MILLER, | |
| Appellee | No. 843 MDA 2015 |

Appeal from the Order Entered April 24, 2015
In the Court of Common Pleas of Lycoming County
Civil Division at No(s): 14-02628

BEFORE:  GANTMAN, P.J., OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 04, 2015**

Appellant, William Miller, appeals from the order entered on April 24, 2015 granting a motion for summary judgment filed by Appellee, Marion L. Miller (hereinafter, Marion).  Upon review, we affirm.

We briefly summarize the facts and procedural history of this case, as gleaned from Appellant's complaint and deposition testimony, as follows. Appellant's brother, David L. Miller (hereinafter, David), was married to Marion.  In 2003, Appellant purchased a vacant tract of land from his aunt in exchange for $500.00.  Appellant directed his aunt to put the deed in David's name.  Appellant intended to be added to the deed when he returned from his employment as a truck driver.  Appellant's aunt transferred the deed to David.  Over the years, Appellant gave David money for improvements to the property, including the construction of a cabin and

*Retired Senior Judge assigned to the Superior Court

a garage. Appellant also paid the property taxes and electric bills for the property. Appellant stored personal property, including a snowmobile and lawnmower, in the garage. In 2008 or 2009, Appellant had a conversation with David regarding retitling the deed to include Appellant's name. At that time, David revealed that the deed to the property was titled in his and Marion's name, but David claimed it did not matter. Thereafter, Appellant did nothing to have David include him on the deed. David died in 2014.

In October 2014, Appellant filed a complaint against Marion. Appellant made a claim, *inter alia*, for the return of his personal property, alleging conversion. He also asserted a claim for unjust enrichment seeking recovery of the sums he expended for improvements, property taxes, and utility bills paid on the property. On March 24, 2015, Marion filed a motion for summary judgment. Following argument, the trial court granted Marion's motion and dismissed Appellant's conversion and unjust enrichment claims in an order and opinion entered on April 24, 2015. This timely appeal resulted.[1]

On appeal, Appellant presents one issue for our review:

---

[1] Appellant filed a notice of appeal on May 12, 2015. On May 21, 2015, the trial court entered an opinion pursuant to Pa.R.A.P. 1925(a) noting Appellant failed to serve it with a copy of the notice of appeal. However, the trial court relied upon its earlier decision issued on April 24, 2015 for its rationale in granting summary judgment. Trial Court Opinion, 5/21/2015, at 1.

1. Whether the [unjust enrichment] claim brought by [Appellant] is barred by the statute of limitations?

Appellant's Brief at 4.[2]

Appellant claims that the statute of limitations did not begin to run on his unjust enrichment claim until the death of his brother in June 2014. **Id.** at 16. For this proposition, he cites cases discussing the equitable discovery rule that provides, "the statute of limitations will not begin to run until a plaintiff knows or reasonably should know that he has been injured." **Id.** at 14. More specifically, Appellant avers he, "only knew about the injury done to him by [Marion] when she barred him from the property in June of 2014[.]" **Id.** at 20. Thus, Appellant contends the trial court erred in granting summary judgment on his unjust enrichment claim based upon the expiration of the statute of limitations. **Id.** at 21.

Our standard and scope of review is well-settled:

> Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the nonmoving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontroverted

---

[2] While Appellant does not specify which claim he believes the trial court erroneously dismissed in his statement of questions involved, in the summary of his argument it is clear that the appeal centers on the unjust enrichment claim. **See** Appellant's Brief at 13.

allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment. With regard to questions of law, an appellate court's scope of review is plenary. [This] Court will reverse a grant of summary judgment only if the trial court has committed an error of law or abused its discretion.

*McDonald v. Whitewater Challengers, Inc.*, 116 A.3d 99, 104-105 (Pa. Super. 2015).

The statute of limitations on an unjust enrichment claim is four years. *See* 42 Pa.C.S.A. § 5525(a)(4); *Cole v. Lawrence*, 701 A.2d 987, 989 (Pa. Super. 1997) (stating plaintiff's claim for unjust enrichment, an action based on a contract implied at law, is subject to a four-year statute of limitations). This Court previously determined:

There is a strong policy in Pennsylvania courts favoring the strict application of statutes of limitations. Statutes of limitations are designed to effectuate three purposes: (1) preservation of evidence; (2) the right of potential defendants to repose; and (3) administrative efficiency and convenience. As a matter of general rule, a party asserting a cause of action is under a duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period. Thus, the statute of limitations begins to run as soon as the right to institute and maintain suit arises; lack of knowledge, mistake, or misunderstanding do not toll the running of the statute of limitations.

*Kingston Coal Co. v. Felton Min. Co.*, 690 A.2d 284, 288 (Pa. Super. 1997) (internal citations omitted).

However, the equitable discovery rule provides:

> The discovery rule is a judicially created device that tolls the running of the applicable statute of limitations until that point when the plaintiff knows or reasonably should know: (1) that he has been injured; and (2) that his injury has been caused by another party's conduct.
>
> Whether the statute of limitations has run on a claim is a question of law for the trial court to determine; but the question as to when a party's injury and its cause were discovered or discoverable is for the factfinder.
>
> Pennsylvania's formulation of the discovery rule reflects a narrow approach 'to determining accrual for limitations purposes' and places a greater burden upon Pennsylvania plaintiffs vis-à-vis the discovery rule than most other jurisdictions. The commencement of the limitations period is grounded on 'inquiry notice' that is tied to 'actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, without the necessity of notice of the full extent of the injury, the fact of actual negligence, or precise cause.

*K.A.R. v. T.G.L.*, 107 A.3d 770, 779-780 (Pa. Super. 2014) (brackets omitted).

Here, the trial court opined that the statute of limitations ran on Appellant's claim for unjust enrichment because Appellant conceded he discovered he was not listed on the deed as early as 2008 or 2009. Hence, Appellant's complaint, filed in October 2014, was well past the four-year limitation period for a claim for unjust enrichment. Thus, as a matter of law, expenditures made prior to the time Appellant discovered he was not the record owner of the property were barred. Moreover, the trial court noted that expenditures made to David after Appellant learned that he was not on

the deed to the property did not unjustly enrich Marion, because Appellant conveyed those additional funds despite his knowledge that he lacked any ownership interest in the land and buildings.

Upon review, we agree. When the property was titled to David, Appellant did not intend to have his own name included on the deed. N.T., 2/2/2015, at 18. Appellant conceded he knew David put Marion, instead of him, on the deed in 2008 or 2009. *Id.* at 25-26. At that time, he did nothing to assert a right to the property. *Id.* at 26. The foregoing establishes Appellant had actual "inquiry notice" that the improvements and expenditures he was making were going towards a property that he did not own. Thus, Appellant's claim arose in 2008 or 2009 when he discovered the deed was not titled in his name. His complaint, instituted in 2014, was clearly barred by the statute of limitations for claims alleging unjust enrichment. Any further expenditures were made with knowledge that Appellant was not owner of the property. Therefore, when he continued to make additional expenditures knowing he was not the property owner, those future expenses were made of Appellant's own volition and solely for his brother's benefit. We discern no error of law in granting Marion's motion for summary judgment and dismissing Appellant's claim for unjust enrichment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/4/2015</u>