J-A22020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBIN SHRAWDER | |
| Appellant | No. 2027 MDA 2014 |

Appeal from the Order Entered November 5, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0002057-2004

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED NOVEMBER 20, 2015**

Appellant Robin Shrawder appeals from the November 5, 2014 order entered in the Lycoming County Court of Common Pleas denying his Petition to Enforce Plea Agreement or for a Writ of Habeas Corpus ("petition to enforce").  We affirm.

The trial court sets forth the relevant facts of this appeal as follows:

> On April 12, 2005, [Appellant] pled *nolo contendere* to two counts of luring a child into a motor vehicle[1] and two counts of corruption of minors.[2][, 1]  On May 26, 2005,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] These charges stem from an incident in which Appellant attempted to lure two 16-year-old girls into his pick-up truck.  As Appellant was driving past the girls in his truck, he told them that they were "hot" and asked them if they wanted to go on a date.  Appellant then drove his truck past the girls and parked in the parking lot of Ed's Market.  The girls entered the lot, and

*(Footnote Continued Next Page)*

[Appellant] was sentence[d] to serve a period of probation of three years under the supervision of the Lycoming County Adult Probation Office. Around August of 2006, the Pennsylvania State Police (PSP) notified [Appellant] that he was required to register as a sexual offender for a period of ten years. On August 13, 2006, [Appellant] registered as a sexual offender. Since his registration in 2006, [Appellant] has been made a Tier III sexual offender under Section 9799.14(d)(16) of Pennsylvania's Sexual Offender Registration and Notification Act (SORNA).[3] As a Tier III sexual offender, [Appellant] will be required to register for life. 42 Pa.C.S. § 9799.15(a)(3).[2]

*(Footnote Continued)* ─────────────────

Appellant repeatedly tried to get the girls to come into his truck. He offered them $20.00 for a hand-job and $50.00 for a blow job. The girls told him that they were only 16 and not interested. He continued to ask them to get into his truck and they declined. N.T., 5/26/05 at 2-4; N.T. 4/12/05 at 6.

[2] The Commonwealth Court of Pennsylvania held the in-person registration requirement of this statute unconstitutional as applied to individuals convicted prior to SORNA's enactment. *Coppolino v. Noonan*, 102 A.3d 1254 (Pa.Commw.Ct.2014). It reasoned:

> The punitive requirement that updating of certain information be done in person may be severed from the remainder of Megan's Law IV. The clause at issue states:
>
> > (g) In-person appearance to update information.—In addition to the periodic in-person appearance required in subsections (e), (f) and (h), an individual specified in section 9799.13 shall appear in person at an approved registration site within three business days to provide current information relating to....
>
> 42 Pa.C.S. § 9799.15(g). The only part of this provision that this Court holds to be unconstitutionally punitive with regard to individuals convicted prior to the enactment of the provision, is the requirement that such updates be made in person.

*Coppolino*, 102 A.3d at 1279.

- 2 -

Trial Court Opinion, filed November 5, 2014 (some capitalization omitted).[3]

On July 7, 2014, Appellant filed his petition to enforce. On August 14, 2014, the court conducted a hearing on Appellant's petition. The court denied the petition on November 5, 2014. On December 1, 2014, Appellant timely filed a notice of appeal. The next day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 30 days, and he timely complied on December 30, 2014.

Appellant raises the following issues for our review:

1. This Court has repeatedly held that (a) a challenge to the retroactive application of Megan's Law is not governed by the PCRA and its statutory limitations and (b) it can review the merits of trial court orders upholding or rejecting a retroactive registration requirement. Did the trial court properly conclude that it had jurisdiction to review the merits of this challenge to the retroactive imposition of lifetime registration requirement?

2. Plea agreements are subject to specific enforcement under principles of contract law and fundamental fairness. [Appellant] (a) plead no contest to crimes that did not initially include a registration requirement (b) received a probation sentence without a Megan's Law colloquy or sex offender assessment and (c) testified that non-registration

---

[3] On January 8, 2015, the trial court issued a Pa.R.A.P. 1925(a) statement that adopted its November 5, 2014 opinion.

was material to his plea. Is specific enforcement of non – registration as an implicit term of this plea appropriate?

3. Under SORNA, an individual convicted of "two or more" enumerated offenses is subject to a lifetime reporting requirement. [Appellant's] two misdemeanor convictions arise from his attempted solicitation of two 16-year-old girls. He had no prior record and has since completed his probation without incident. Should this non-violent first-time offender be subject to a quarterly lifetime reporting requirement?

Appellant's Brief at 4-5.

Appellant first argues that the trial court had jurisdiction to hear his petition to enforce and that the appeal is now properly before this court. He asserts that the Superior Court has jurisdiction to review orders confirming or rejecting a retroactive registration requirement.

The Commonwealth challenged the trial court's jurisdiction to hear Appellant's petition, but the court never ruled on the issue. The Commonwealth contends that this is an untimely Post Conviction Relief Act ("PCRA")[4] petition that is not properly before this Court or the trial court because Appellant is no longer serving his sentence of probation.

In **Commonwealth v. Bundy**, 96 A.3d 390 (Pa.Super.2014), this Court examined the jurisdiction of orders confirming or rejecting a retroactive sex-offender registration requirement:

First, as to the trial court's decision to regard Appellant's petition under the PCRA, we note that our case law has yet

_____

[4] 42 Pa.C.S. §§ 9541-9546.

to adopt a settled procedure for challenging the retroactive application of a Megan's Law's registration requirement. However, in **Commonwealth v. Masker**, 34 A.3d 841 (Pa.Super.2011) (*en banc* ), *appeal denied,* 47 A.3d 846 ([Pa.]2012), this Court held that challenges to a defendant's designation as a sexually violent predator ("SVP") did not present cognizable issues under the PCRA because it did not pertain to the underlying conviction or sentence. **Id.** at 842. Similarly, in **Commonwealth v. Partee**, 86 A.3d 245 (Pa.Super.2014)[, *appeal denied,* 97 A.3d 744 (Pa.2014)], this Court observed that a challenge to the retroactive application of Megan's Law "[did] not fall within the scope of the PCRA and should not be reviewed under the standard applicable to the dismissal of PCRA petitions." **Id.** at 247.

Nevertheless, this Court has previously considered the substantive aspects of appeals challenging post-conviction applications of Megan's Law. For example, in **Commonwealth v. Benner**, 853 A.2d 1068 (Pa.Super.2004), this Court affirmed, on the merits of that appeal, the denial of a defendant's "Motion for Hearing Regarding Megan's Law Applicability" contesting the retroactive application of a lifetime registration requirement. **Id.** at 1069. In **Commonwealth v. Hainesworth**, 82 A.3d 444 (Pa.Super.2013) (*en banc*), [*appeal denied,* 95 A.3d 276 (Pa.2014),] the trial court dismissed the defendant's "motion seeking termination of supervision," which he filed to avoid the retroactive application of the SORNA registration requirement. **Id.** at 446. The trial court, in that case, denied the motion to terminate supervision, but entered an order declaring that the defendant would not be subject to the SORNA requirements. **Id.** The Commonwealth appealed, and this Court affirmed the trial court's decision that the retroactive application of Megan's Law would offend a negotiated term in the plea agreement between the parties. **Id.** at 450.

In **Partee**, the defendant filed a "petition for habeas corpus and/or seeking enforcement of a plea agreement" seeking to avoid the retroactive application of the SORNA requirements. **Partee**, 86 A.3d at 246. The trial court dismissed the petition under the PCRA. **Id.** This Court concluded that the Appellant's petition should not have

been decided under the PCRA, but affirmed the trial court's denial of relief on the merits of the case. *Id.* at 247, 250. Specifically, we held that the defendant was not entitled to specific performance of his earlier plea bargain because his probation violation voided that agreement. *Id.* at 250.

In light of the foregoing decisional law, we need not decide the precise mechanism by which a defendant may challenge the retroactive application of a Megan's Law's registration requirement. Rather, it suffices to note that the statutory and rule-based requirements governing a PCRA petition do not apply to a challenge to the retroactive application of Megan's Law, but that this Court has jurisdiction to review orders confirming or rejecting a retroactive registration requirement. *See Partee*, 86 A.3d at 247, 250; *Hainesworth*, 82 A.3d at 450; *Benner*, 853 A.2d at 1072.

*Bundy*, 96 A.3d at 394.

Instantly, Appellant challenges his lifetime registration requirement, which became effective on December 20, 2012, and applies to him retroactively. Thus, the trial court had jurisdiction to hear his claim[5] and we have jurisdiction to review the order confirming the retroactive registration requirement and address the merits of Appellant's claims. *See Bundy, supra.*

---

[5] We note that a challenge to the enforcement of a plea bargain is analyzed under contract law, and that the statute of limitations to bring a contract claim is four years. *See Hainesworth*, 82 A.3d at 447; *Cole v. Lawrence*, 701 A.2d 987, 989 (Pa.Super.1997), *appeal denied*, 725 A.2d 1217 (Pa.1998). "[T]he statute of limitations begins to run on a claim from the time the cause of action accrues. In general, an action based on contract accrues at the time of breach." *Cole*, 701 A.2d at 989 (internal citations omitted). Appellant was not subjected to lifetime sexual registration until SORNA became effective on December 20, 2012. Appellant filed his petition to enforce on July 7, 2014, within four years of the alleged breach.

In his second issue, Appellant argues that plea bargains are contracts subject to specific performance, and the lifetime registration requirement is not consistent with the plea bargain. He claims he would not have entered into the plea agreement if he had known he would have to register as a sex offender for his entire life. Further, Appellant avers that he is not a sexually violent predator ("SVP") and his silence at the guilty plea hearing means there is an implied non-registration term. Appellant concedes SORNA can be applied retroactively pursuant to *Commonwealth v. Perez*, 97 A.3d 747 (Pa.Super.2014), however, he claims this does not preclude specific enforcement of non-registration as a material term of his plea. He cites *Hainesworth, supra* to support this proposition. Unfortunately for Appellant, his claim merits no relief.

> "In determining whether a particular plea agreement has been breached, we look to 'what the parties to this plea agreement reasonably understood to be the terms of the agreement.' " *Commonwealth v. Fruehan*, 557 A.2d 1093, 1095 ([Pa.Super.]1989) (internal citations omitted). Such a determination is made "based on the totality of the surrounding circumstances," and "[a]ny ambiguities in the terms of the plea agreement will be construed against the [Commonwealth]." *Commonwealth v. Kroh*, 654 A.2d 1168, 1172 ([Pa.Super.]1995) (internal citations omitted).

*Hainesworth*, 82 A.3d at 447.

In *Hainesworth*, this Court found that the plea was specifically structured so that the defendant would not have to register as a sex offender:

Indeed, the plea agreement appears to have been precisely structured so that Hainesworth would not be subjected to a registration requirement. Hainesworth was initially charged with ten counts. Pursuant to the plea agreement, three counts were withdrawn: both counts of aggravated indecent assault (a Megan's Law offense), and one count of criminal use of a communication facility (a non-Megan's Law offense). Thus, nearly all of the withdrawn counts were Megan's Law offenses. Moreover, it is significant that the plea agreement included one count of criminal use of a communication facility. Unlike this charge, every count of aggravated indecent assault was withdrawn. In other words, the Commonwealth withdrew every single count of only one crime, and that crime was the Megan's Law offense.

*Hainesworth*, 82 A.3d at 448. Similarly, in *Partee,* the defendant's plea was specifically structured to avoid lifetime reporting:

Herein, Appellant was subject to a ten-year reporting requirement under the terms of the plea agreement and there is no indication that he bargained for non-registration as a part of his plea. However, the ten-year Megan's Law registration period was discussed at the plea proceeding. While it was not an explicit term of the negotiated plea, it is apparent that Appellant's negotiated plea agreement was structured so that he would only be subject to a ten-year rather than a lifetime reporting requirement, distinguishing the facts herein from those in *Benner.* The two charges carrying a lifetime registration requirement were withdrawn by the Commonwealth as part of the negotiations, leaving Appellant subject to the less onerous ten-year reporting requirement then imposed on indecent assault. Under our reasoning in *Hainesworth*, Appellant arguably would be entitled to the benefit of that bargain.

*Partee,* 86 A.3d at 249.

However, unless non-registration is specifically part of the plea, this Court does not consider registration a breach of the plea agreement. *See*

*Commonwealth v. Giannantonio*, 114 A.3d 429, 435-36 (Pa.Super.2015)

(because Appellant failed to demonstrate through credible evidence that

registration for shorter time-period was bargained-for element of his plea,

petition for relief from SORNA requirements was properly denied). In

*Commonwealth v. Leidig*, 850 A.2d 743, 748 (Pa.Super.2004) *aff'd,* 956

A.2d 399 (Pa.2008), this Court found that registration is a collateral

consequence of a guilty plea and does not render it involuntary:

> In view of our conclusion that the registration requirement of Megan's Law II is a collateral consequence of Appellant's guilty plea, if Appellant had been unaware of the registration requirement at the time of his plea, such lack of awareness would not have rendered his plea unknowing or involuntary. In the instant case, Appellant incorrectly was advised that he would be subject to the registration requirements of Megan's Law for a period of ten years, as opposed to a lifetime period. However, in view of our holding that registration is a collateral consequence of which Appellant need not have been advised at all, and because Appellant does not dispute that he was aware that he would be subject to *some* period of registration as a sexual offender under Megan's Law, we conclude that Appellant's misunderstanding as to the actual duration of the registration requirement is not a basis upon which Appellant should have been permitted to withdraw his plea.

*Leidig*, 850 A.2d at 748.

In this case, Appellant and the Commonwealth did not discuss sexual

offender registration as a part of the plea. The Commonwealth did not

remove any charges that would specifically subject Appellant to a longer

registration period. Appellant pled *nolo contendere* to two counts of luring a

child into a motor vehicle, a crime that subjected him to registration

requirements at the time of his offense and guilty plea. SORNA now makes two counts of luring a child into a motor vehicle subject to lifetime registration. Thus, the collateral consequence of Appellant's plea does not render his plea involuntary. Further, because the Commonwealth did not make registration a specific part of the plea, it did not breach the agreement.[6]

In his third issue, Appellant argues that if SORNA does apply to him, his two Tier I convictions should be viewed as a single offense for registration purposes. He concedes that in **Commonwealth v. Merolla**, 909 A.2d 337 (Pa.Super.2006), this Court found a defendant with 2 counts of indecent assault was subject to lifetime registration under Section 9795.1(b)(1) of Megan's Law II. However, he claims **Merolla** is ripe for reconsideration, and asserts that his case is distinguishable from **Merolla** because he is subject to the registration requirements of SORNA, not Megan's Law II. He suggests we interpret the statute similarly to the Three Strikes Statute, which is directed toward heightening punishment for

_____

[6] I agree with the dissent that this decision yields a harsh result that implicates principles of fundamental fairness regarding contract law. The dissent accurately observes that Appellant did not seek to withdraw his guilty plea but sought to have the terms of the plea enforced. The dissent also accurately notes that Appellant's crimes did not require him to register as a sex offender for life at the time he entered into the plea bargain. Appellant's crimes, however, did subject him to registration for a period of ten years. Thus, the plea could have been structured to avoid registration, and the retroactive application of SORNA did not render the plea unconstitutional or violate the terms of plea.

criminals who have failed to benefit from penal discipline. He further contends this Court should be consistent with the Commonwealth Court, which recognized the general purpose of graduated sentencing laws is to punish more severe offenders who have not benefited from penal discipline. He concludes that if he is required to register under SORNA, it should only be for fifteen years. We disagree.

> The applicable standard of review is well settled: the "application of a statute is a question of law, and our standard of review is plenary." **Commonwealth v. Baird**, 856 A.2d 114, 115 (Pa.Super.2004). When interpreting a statute, the Statutory Construction Act dictates our approach. **See** 1 Pa.C.S.A. § 1921; **Baird, supra** at 115. "[T]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly ..." **Id.** "[T]he best indication of legislative intent is the plain language of a statute." **Commonwealth v. Bradley**, 834 A.2d 1127, 1132 ([Pa.]2003).

**Commonwealth v. Merolla,** 909 A.2d 337, 345 (Pa.Super.2006).

In **Merolla**, this Court found that the legislative intent and the effect of the registration requirements of Megan's Law II were distinguishable from those invoked in the Three Strikes Statute:

> The salient portion of the statute provides: "[a]n individual with two or more convictions of any of the offenses set forth in subsection (a)" shall be subject to lifetime registration. 42 Pa.C.S.A. § 9795.1(b)(1). However, the Three Strikes Statute applies "[w]here the person had at the time of the commission of the current offense **previously** been convicted of two or more such crimes ..." 42 Pa.C.S.A. § 9714(a)(2) (emphasis added). Thus, the language of Megan's Law II is distinguishable from the language of the Three Strikes Statute as Megan's Law II does not require a previous conviction. Moreover, the

- 11 -

legislative intent behind Megan's Law II is distinct from that of the Three Strikes Statute. Whereas Megan's Law II is based on concern for public safety, the Three Strikes Statute, although it also implicates public safety, is directed to heightening punishment for criminals who have failed to benefit from the effects of penal [discipline.]

*Merolla*, 909 A.2d at 346-47 (internal footnotes and some citations omitted).

Although *Merolla* dealt with the old version of Megan's Law II, the language in the SORNA statute is very similar:

§ 9799.14. Sexual offenses and tier system

\* \* \*

**(b) Tier I sexual offenses.--**The following offenses shall be classified as Tier I sexual offenses:

\* \* \*

(4) 18 Pa.C.S. § 2910 (relating to luring a child into a motor vehicle or structure).

\* \* \*

**(d) Tier III sexual offenses.--**The following offenses shall be classified as Tier III sexual offenses:

\* \* \*

(16) Two or more convictions of offenses listed as Tier I or Tier II sexual offenses.

42 Pa.C.S. § 9799.14.

§ 9799.15. Period of registration

**(a) Period of registration.--**Subject to subsection (c), an individual specified in section 9799.13 (relating to applicability) shall register with the Pennsylvania State Police as follows:

(1) An individual convicted of a Tier I sexual offense, except an offense set forth in section 9799.14(b)(23) (relating to sexual offenses and tier system), shall register for a period of 15 years.

(2) An individual convicted of a Tier II sexual offense shall register for a period of 25 years.

(3) An individual convicted of a Tier III sexual offense shall register for the life of the individual.

42 Pa.C.S. § 9799.15.

Here, Appellant has two convictions for luring a child into a vehicle, one of the enumerated offenses under § 9799.14, which qualifies him for lifetime registration as a sexual offender. The registration is designed to be protective, not punitive. The language in the statute is very similar to the language of the Megan's Law II, and this Court held in **Merolla** that two enumerated convictions did not have to occur at separate times to subject a defendant to lifetime registration requirements.[7] Appellant tried to lure two children into his vehicle and now has two luring convictions. Although the result is somewhat harsh, Appellant should not have tried to lure two children into his pick-up truck, actions which the General Assembly has seen fit to criminalize. **See** 18 Pa.C.S. § 2910.[8]

_____

[7] The dissent artfully argues that **Merolla** was improperly decided and should be reexamined, however, it is currently controlling.

[8] To the extent that Appellant argues the Commonwealth Court has recognized that the general purpose of graduated sentencing laws is to
*(Footnote Continued Next Page)*

- 13 -

Order affirmed.

Judge Platt joins in the memorandum.

Judge Bowes files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2015

---
*(Footnote Continued)*

punish more severe offenders who have not benefited from penal discipline, we note that "the decisions of the Commonwealth Court are not binding on this Court." **Commonwealth v. Heredia**, 97 A.3d 392, 395 *appeal denied,* 104 A.3d 524 (Pa.2014).