J-S28033-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
v. :
:
TANYA MARIE BROWN, :
:
Appellee : No. 1506 WDA 2016

Appeal from the Order Entered September 6, 2016
in the Court of Common Pleas of McKean County
Criminal Division at No(s): CP-42-CR-0000008-2004

BEFORE: OLSON, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED JULY 07, 2017**

The Commonwealth of Pennsylvania appeals from the order entered on September 6, 2016, in which the trial court determined that the registration obligation imposed upon Appellee Tanya M. Brown (Brown) pursuant to the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. § 9799.10-9799.41, terminated in October of 2015. After review, we vacate the court's order.

On November 12, 2003, a complaint was filed against Brown charging her with one count of incest, graded as a felony of the second degree; one count of endangering the welfare of a child (EWOC), graded as a misdemeanor of the first degree; one count of corruption of minors, graded as a misdemeanor of the first degree; and two counts of false reports to law enforcement authorities, graded as misdemeanors of the second degree. On

---

*Retired Senior Judge assigned to the Superior Court.

April 22, 2004, Brown entered into a negotiated plea agreement, the terms of which were as follows.

> Pursuant to Pa.R.Crim.P.[] Rule 590 the above named defendant having been previously arraigned and fully advised of [her] statutory, procedural and constitutional rights and having had the right to discuss those with [her] attorney or having waived those rights, hereby agrees to the following plea to be entered at the next available court date.
>
> OFFENSE(S): [Defendant] to plead guilty to count 1, incest (F2), 18 Pa.C.S. § 4302; and, count 2, [EWOC], Pa.C.S. § 4304 (M1). All other counts to be dismissed in consideration of plea. — Megan's Law.
>
> SENTENCE RECOMMENDATION: (binding): Aggregate sentence of no more than 6 months to 2 years less a day. Costs and fines as set by the court. Mental health [evaluation] and follow through. Megan's Law offense and requirements (sexually violent offender [evaluation]). No contact with victim. No unsupervised contact with [juvenile] males under the age of 18 unless appropriate mental health provider authorizes contact.*
>
> * * *
>
> *other terms and conditions set by the court.

Written Guilty Plea Agreement, 4/26/2004 (unnecessary capitalization omitted).

Brown's plea was accepted by the court and she was sentenced in accordance with the agreement on July 27, 2004. Specifically, Brown was sentenced to three months to one year of house arrest at count 1, and two years of consecutive probation at count 2. Because incest, count 1, was an enumerated offense under the version of Megan's Law in place at the time,

Brown was required to register with the State Police for a period of ten years following her release from house arrest. 42 Pa.C.S. § 9795.1(b)(2). In acknowledgment of this, Brown completed a Megan's Law colloquy, which stated that "by pleading guilty to [incest she] will be required to register with the Pennsylvania State Police for a period of **at least** ten (10) years after [her] release from incarceration[.]" Megan's Law Colloquy, 8/13/2004, at ¶ 3 (emphasis added). No post-sentence motion or direct appeal was filed.

On December 20, 2011, the legislature enacted SORNA. **See** 42 Pa.C.S. §§ 9799.10 and 9799.41. SORNA became effective on December 20, 2012, and, *inter alia*, increased the registration period for those convicted of incest, now categorized as a Tier III sexual offense, from ten years to lifetime registration. 42 Pa.C.S. § 9799.14 (d) and § 9799.15 (a)(3). Because Brown was still required to register with the State Police at the time SORNA went into effect, she was subject to the new registration provisions. 42 Pa.C.S. § 9799.13(3)(i).

On July 20, 2016, Brown sent a letter to the trial court asking to be removed from Megan's Law registration. A hearing was scheduled and after receiving testimony, the lower court issued an order, dated September 6, 2016, finding that Brown had specifically bargained for a ten-year term of Megan's Law registration and, as such, did not have to comply with the

lifetime registration imposed by SORNA. The court found that Brown's obligation to register under Megan's Law was completed in October of 2015, ten years after her release from house arrest. This timely appeal followed. Both the Commonwealth and the lower court complied with the mandates of Pa.R.A.P. 1925.

The Commonwealth raises a number of issues for our review, which can be summarized as follows.

> 1. Did the lower court lack jurisdiction to terminate Brown's SORNA registration requirements?

> 2. Did the lower court err in determining that the ten-year registration period was a specifically-bargained-for term of the plea agreement?

Commonwealth's Brief at 4-5.

The Commonwealth begins by challenging the trial court's jurisdiction to enter an order terminating Brown's Megan's Law registration requirement. First, the Commonwealth argues that, pursuant to 42 Pa.C.S. § 5505, the lower court was without jurisdiction to modify Brown's judgment of sentence. Commonwealth's Brief at 9-10. The question of whether SORNA registration is punitive or a collateral consequence to one's criminal sentence is pending before our Supreme Court. **Commonwealth v. Reed**, 135 A.3d 177 (Pa. 2016). However, regardless of whether registration constitutes punishment or is a collateral consequence, it is well-settled that the courts of common pleas may analyze registration requirements imposed incident to a

plea of guilty under a breach-of-contract theory. *See Commonwealth v. Hainesworth*, 82 A.3d 444, 449 (Pa. Super. 2013) (*en banc*) (citation omitted) ("[E]ven though a plea agreement arises in a criminal context, it remains contractual in nature and is to be analyzed under contract law standards."); *Commonwealth v. Martinez*, 147 A.3d 517 (Pa. 2016) (same). Contract claims are subject to a four year statute of limitations, which begins to run at the time the breach occurs. *See Hainesworth*, 82 A.3d at 447; *Cole v. Lawrence*, 701 A.2d 987, 989 (Pa. Super. 1997). Instantly, the alleged breach occurred on the date SORNA became effective, December 20, 2012, *see* 42 Pa.C.S. § 9799.10, and Brown's request, docketed on July 20, 2016, was filed within four years. Thus, we conclude the court had jurisdiction to hear Brown's claim. However, we agree with the Commonwealth that the court erred in finding that Brown's registration period ended in October of 2015.

> Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as the appellate court may review the entire record in making its decisions. However, we are bound by the trial court's credibility determinations.

*Calabrese v. Zeager*, 976 A.2d 1151, 1154 (Pa. Super. 2009) (citations omitted).

Parties must state the terms of a plea agreement on the record and in the presence of the defendant. Pa.R.Crim.P. 590(B)(1). "If a trial court accepts a plea bargain, the defendant who has given up his [or her] constitutional right to trial by jury must be afforded the benefit of all promises made by the district attorney." **Hainesworth**, 82 A.3d at 449 (citation omitted). "The terms of plea agreements are not limited to the withdrawal of charges, or the length of a sentence. Parties may agree to - and seek enforcement of - terms that fall outside these areas." **Id.** (citation omitted). Because plea bargaining is such an integral part of our criminal justice system, specific enforcement of valid plea bargains is a matter of fundamental fairness. **Commonwealth v. Mebane**, 58 A.3d 1243, 1249 (Pa. Super. 2012).

> [D]isputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.
>
> Any ambiguities in the terms of the plea agreement will be construed against the Government.

**Commonwealth v. Kroh,** 654 A.2d 1168, 1172 (Pa. Super. 1995) (citations omitted).

In **Hainesworth**, an *en banc* panel of this Court was asked to consider whether retroactive application of the SORNA registration requirements breached the terms of Hainesworth's plea agreement. **Hainesworth**, 82

A.3d at 446-47. Applying the contract principles outlined above, the **Hainesworth** Court concluded that the trial court did not err in ordering specific enforcement of Hainesworth's plea bargain. **Id.** at 447. In upholding the trial court's determination, the Court found significant the terms of the plea bargain, which required the Commonwealth to withdraw all charges carrying a Megan's Law registration requirement, and the Commonwealth's repeated assurances during the plea process that it was not seeking registration. **Id.** at 445-48. Accordingly, the Court determined that the objective evidence of record supported the conclusion that the parties had negotiated an agreement that would not require Hainesworth to register as a sex offender; thus, imposition of a registration requirement based on a subsequent change in law, would breach that agreement. **Id.** at 450

Such is not the case here. Under questioning from the court during the September 6, 2016 motion hearing, Brown testified as follows.

BY THE COURT:

Q: Okay. I would like you to tell me what the agreement was between you and the District Attorney that was accepted by [the trial court]. Why did you -- why did you decide to plead guilty?

A: It was to be -- excuse me. It was between my attorney and the Judge and I. Not the DA. The DA was trying to do what she's trying to do. We agreed to -- I was on house arrest for three months. I did -- excuse me. I was probation for two years, nine months. I finished everything in 2007. That includes the house arrest for the three months and the probation, and I was to be completely done. My last year to register on Megan's Law was to be October 2014 to be

completed the following year, 2015 in October. And then, the law changed December 2012 with [SORNA], and I had, like 18 months to go, and so that changed me into a lifetime [registration] when I was an offender now I'm lumped in with predators, and I would like to point out that I have lived behind the high school in Bradford for eight years, and they built a day care kiddie corner from my house six years ago.

Q: Well, that doesn't relate to it though. But the -- the main thing is that you say you had an understanding, your attorney, not the Dis -- and the Judge and --

A: My attorney and the DA agreed that I would be --

Q: Okay. And the DA and the --

A: -- that I would be on Megan's Law for ten years.

Q: Okay.

A: And while I was --

Q: Was that made very specific because in the written plea agreement it says a minimum of ten years. In other words, it could be more. Were you promised that it would be ten years period?

A: Dawn Fink was my attorney, and she was "You're a ten year [registrant], and then you'll be done." And --

Q: And was that what your basis was for your guilty plea?

A: Yes. That I was on house arrest for three months, probation for two years, nine months, Megan's Law for ten years. I wasn't allowed -- on probation, I was not allowed to be with juvenile males between the ages of 12 and 18 unsupervised.

N.T., 9/6/2016, at 9.

In her testimony, Brown indicated that her understanding of the

Megan's Law registration period came from her attorney who told her that

she was a ten-year registrant. This was certainly true under the law in place at the time. The trial court found this testimony credible and we are bound by that determination. *Calabrese*, 976 A.2d at 1154. However, "the dispositive question [here] was whether registration was a term of the bargain struck by the parties." *Commonwealth v. Partee*, 86 A.3d 245, 248 (Pa. Super. 2014) (quoting *Hainesworth*, 82 A.3d at 447).

The certified record before us shows that, under the terms of her plea agreement, the Commonwealth *nolle prossed* lesser charges not enumerated under Megan's Law, and that Brown pled guilty to the lead charge, incest, which at the time carried with it a ten-year registration period. Additionally, the documentation Brown signed in advance of her plea indicated that she would have to register for "**at least**" ten years. Megan's Law Colloquy, 8/13/2004, at ¶ 3 (emphasis added). Further, the transcripts from both the guilty plea hearing and Brown's sentencing are silent as to the length of Brown's registration period. In both proceedings, it is noted that she must comply with Megan's Law, but the term of years is never stated on the record. N.T., 4/22/2004, at 6-8; N.T., 7/27/2004, at 3-5. Thus, although the parties agreed that the applicable Megan's Law registration period for incest was ten years, we cannot conclude that a ten-year registration period was a specifically bargained-for or essential term of the plea agreement negotiated between Brown and the Commonwealth. *C.f. Commonwealth v.*

*Ritz*, 153 A.3d 336, 343 (2016) (holding that "the trial court correctly held that Ritz and the Commonwealth entered into a binding contract to make ten years the applicable registration period where "Ritz pled guilty to an offense in exchange for the Commonwealth's agreement to withdraw one or more other charges" that were subject to Megan's Law registration requirements; and "the prosecutor expressly agreed that a ten-year registration period was 'part of [its] plea agreement' with Ritz"); *Partee*, 86 A.3d at 249 (Pa. Super. 2014) (holding that, *inter alia*, Partee's negotiated plea agreement was structured so that he would only be subject to a ten-year rather than a lifetime reporting requirement, as evidenced by the fact that "[t]he two charges carrying a lifetime registration requirement were withdrawn by the Commonwealth as part of the negotiations, leaving [Partee] subject to the less onerous ten-year reporting requirement" imposed at the count to which he actually pled").

Accordingly, for all the foregoing reasons, we vacate the lower court's order.

Order vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2017