J-A20024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| THE JUNIATA VALLEY BANK | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| COFFEE RUN EQUITY ASSOCIATES, | : | | |
| LP | : | | |
| | : | No. 285 MDA 2017 | |
| Appellant | : | | |

Appeal from the Order Entered January 18, 2017
In the Court of Common Pleas of Mifflin County
Civil Division at No(s):  CP-44-CV-488-2015

BEFORE:  GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                **FILED FEBRUARY 13, 2018**

In this mortgage foreclosure action, Appellant, Coffee Run Equity Associates, LP ("CREA"), appeals from the order entered in the Mifflin County Court of Common Pleas, granting summary judgment in favor of Appellee, The Juniata Valley Bank ("JVB"), awarding judgment *in rem* for $1,472,728.33, plus interest, costs, and attorneys' fees. We affirm.

The relevant facts and procedural history of this case are as follows. CREA purchased a tract of land in 2009, and executed a mortgage to JVB for $1,300,000.00. The parties modified the mortgage agreement in 2010. CREA stopped making monthly payments shortly thereafter, in February 2011. CREA also failed to pay the full mortgage debt by the date of maturity.

Through an email sent on August 11, 2014, JVB demanded a payment of $25,000.00 on the past-due mortgage. JVB's email stated that it planned

to exercise its right to the certificate of deposit it held as collateral to secure the mortgage debt and to the option of foreclosure if CREA failed to return the property deed to JVB. CREA's lawyer paid JVB the $25,000.00.

JVB then filed a mortgage foreclosure complaint against CREA on March 30, 2015. CREA filed an answer with new matter and counterclaims, to which JVB filed preliminary objections. The court granted JVB's preliminary objections, and dismissed CREA's new matter and counterclaims. JVB later filed a motion for summary judgment, which the court also granted. CREA's appeal is now before us.

On appeal, CREA challenges the trial court's determination that its $25,000.00 payment to JVB was an acknowledgment of the mortgage debt. CREA argues the payment was in consideration of a wholly separate deal, not an acknowledgment of CREA's nonpayment. CREA theorizes that the payment consequently did not toll the four-year statute of limitations. Thus, CREA asserts that JVB filed its complaint after the statute of limitations expired for mortgage foreclosure actions. CREA maintains the trial court erred in granting JVB's preliminary objections to CREA's statute of limitations defense. CREA concludes we must vacate the trial court's order granting JVB's preliminary objections, as well as the order granting summary judgment in favor of JVB. We disagree.

We review a challenge to a trial court's order granting preliminary objections by examining whether the trial court committed an error of law. *See Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011).

> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

***Id***. (citation mitted).

"[A]n action upon an instrument in writing under seal must be commenced within 20 years." 42 Pa.C.S.A. § 5529(b)(1). Conversely, an action such as a mortgage foreclosure, which is not under seal, must be commenced within four years. ***See*** 42 Pa.C.S.A. § 5525(a)(7). Specifically, "[w]here such an instrument is payable upon demand, the time within which an action on it must be commenced shall be computed from the later of either demand or *any payment of principal of or interest on the instrument*." ***Id***. (emphasis added).

"Pursuant to the 'acknowledgement doctrine,' a statute of limitations may be tolled or its bar removed by a promise to pay the debt." ***Makozy v. Makozy***, 874 A.2d 1160, 1170 (Pa. Super. 2005) (citation omitted). "This [Court] has recognized that there can be no more clear and unequivocal acknowledgement of a debt than payment." ***Cole v. Lawrence***, 701 A.2d 987, 990 (Pa. Super. 1997) (citation omitted).

The mortgage at issue in this action was not under seal. Consequently, JVB was subject to a four-year statute of limitations to bring a mortgage foreclosure action. ***See*** 42 Pa.C.S.A. § 5525(a)(7). CREA alleges that its $25,000.00 payment to JVB was in consideration for a different agreement, wherein JVB would agree not to foreclose while a group of investors raised money to satisfy the mortgage. In an exhibit attached to its counterclaims and affirmative defenses, CREA supplied an email sent from a representative of JVB to David McNitt, the attorney for CREA. ***See*** CREA's Second Amended Answer, filed 7/29/15, at Exhibit A. That email was dated August 11, 2014.

In it, JVB does not reference any agreement not to foreclose. Instead, it specifically states that it is "no longer able to entertain conceptual possibilities" and demands payment of $25,000.00 on the past-due mortgage by Friday, August 22, 2014. ***Id***. The email also noted that JVB planned to exercise its right to the certificate of deposit it held as collateral to secure the mortgage debt, and requested that CREA return the property deed to JVB or else face foreclosure.

CREA also attached as an exhibit a check dated August 22, 2014, in the requested amount of $25,000.00, signed by David McNitt with "CREA LP" in the memo line. ***See id***., at Exhibit B.

Even viewing the record in the light most favorable to CREA, the payment on August 22, 2014, was in response to JVB's specific written demand for payment on the mortgage. Nowhere does JVB state that it would agree not to foreclose on the mortgage. Indeed, the email states precisely the

opposite—that it planned to foreclose unless CREA offered the property deed in lieu of foreclosure. JVB's email also demands payment. CREA paid JVB $25,000.00 in response to this email. Thus, CREA's acknowledgment of that debt by subsequent payment tolled the statute of limitations. *See* 42 Pa.C.S.A. § 5525(a)(7).

JVB's complaint in mortgage foreclosure, filed on March 30, 2015, was well within the four-year statute of limitations. Thus, the trial court did not err in granting JVB's preliminary objections, and we decline to reverse the order. We turn next to an examination of the grant of summary judgment.

Summary judgment in a mortgage foreclosure action is subject to the same rules as other civil actions. *See* Pa.R.C.P. 1141(b). We review a challenge to the entry of summary judgment as follows:

> [We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*E.R. Linde Const. Corp. v. Goodwin*, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted; brackets in original).

The holder of a mortgage has the right, upon default, to bring a foreclosure action. *See Cunningham v. McWilliams*, 714 A.2d 1054, 1056 (Pa. Super. 1998). The holder is entitled to summary judgment "if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." *Id*., at 1057 (citation omitted). Responsive pleadings in a mortgage foreclosure action should include specific denials; general denials constitute admissions. *See* Pa.R.C.P. 1029(b); *Bank of America, N.A. v. Gibson*, 102 A.3d 462, 466-67 (Pa. Super. 2014). "[G]eneral denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing [on the mortgage] must be considered an admission of those facts." *Id*. at 467 (citation omitted).

Here, JVB's complaint complied with Pa.R.C.P. 1147, and included as exhibits copies of the original recorded mortgage, the modified mortgage, and a description of the land. CREA's answer admits that it is in default on the mortgage. The answer states CREA is without sufficient knowledge or information to calculate the amount owing on the mortgage. CREA offers only general denials to JVB's complaint, and, as such, admits the facts of JVB's complaint. *See* CREA's Second Amended Answer, filed 7/29/15, at 1-2.

CREA failed to raise any material issues of fact or law that would refute the averments in the complaint, and JVB established therein a *prima facie*

case to institute foreclosure. Accordingly, the trial court's grant of the motion for summary judgment filed by JVB was proper.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/13/2018